MUNGER, TOLLES & OLSON LLP
James C. Rutten (State Bar No. 201791)
Joseph N. Glynn (State Bar No. 337652)
350 South Grand Avenue, 50th Floor
Los Angeles, California  90071-3426
(213) 683-9100; (213) 687-3702 (fax)
james.rutten@mto.com
joseph.glynn@mto.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MATTHEW KENNEY,<br><br>              Plaintiff,<br><br>     vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>              Defendant. | Case No. 2:25-CV-04845<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |

TO PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby removes the above-captioned action, which was commenced as Case Number 25STCV10740 in the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division.  Removal is proper under 28 U.S.C. §§ 1332, 1441, and 1446 based on diversity of citizenship.

**A.    The Court Has Original Diversity Jurisdiction and Removal Jurisdiction**

1.    This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.    There is complete diversity of citizenship because:

- Plaintiff Matthew Kenney is a citizen of California.  He pleads in his Complaint in this action that he "is a resident of the County of Los Angeles, California."[1]  *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (domicile for purposes of citizenship may be evidenced by current residence).

- Wells Fargo, the only defendant, is a citizen of South Dakota.  Wells Fargo is a national banking association chartered by the Office of the Comptroller of the Currency pursuant to the National Bank Act, 12 U.S.C. §§ 21-27.  "All national banking associations [are], for the purposes of all . . . actions by or against them, . . . deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  A national banking association is "located" in the State in which it has its "main

---

[1] Complaint (included in Ex. 1 hereto) at ¶ 9; *see also id.* ¶ 11 ("Matthew Kenney [is] a California resident . . . .").

office" as designated in its federal charter documents. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (adopting the "main office" test for the location of national banking associations). In Wells Fargo's case, that is South Dakota, and accordingly, "Wells Fargo is a citizen only of South Dakota." *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (holding that Wells Fargo's "main office" as designated in its charter documents, not its principal place of business, governs its citizenship for diversity purposes); *Grigsby v. Wells Fargo Bank, N.A.*, 2018 WL 1779338, at *4 (C.D. Cal. Apr. 12, 2018) ("The Court would consider Wells Fargo a citizen of solely South Dakota, not of California.").

3.    The amount in controversy exceeds $75,000, exclusive of interest and costs. The Complaint seeks, among other forms of relief, "[r]estitution in an amount not less than $800,000, plus . . . additional damages not less than $1,000,000."[2] *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (holding that in assessing the amount in controversy, a court assumes full recovery on all claims); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (holding that the inquiry focuses on the amount placed "in controversy" by the complaint, not what the defendant will actually owe).

4.    Because diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction under 28 U.S.C. § 1332(a). Further, because Wells Fargo (the only defendant) is not a citizen of California, no "part[y] in interest properly joined and served as [a] defendant[] is a citizen of the

---

[2] Complaint (included in Ex. 1 hereto) at p. 12 (Prayer for Relief, ¶ 1); *see also id.* p. 10 (same).

State in which [the] action is brought," 28 U.S.C. § 1441(b)(2), and therefore, the "local defendant" limitation on diversity removal does not apply.

**B.    Removal Is Timely**

5.    Service was effected on Wells Fargo on April 29, 2025.  This Notice of Removal is filed within 30 days of service and is therefore timely per 28 U.S.C. § 1446(b).  *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354-55 (1999) (a defendant's 30-day deadline for removal under 28 U.S.C. § 1446(b) does not begin to run until formal service is effected).

**C.    Additional Matters**

6.    Removal to this District and Division is proper under 28 U.S.C. § 1441(a) because they embrace the place where this action was originally pending, namely, Los Angeles County.

7.    In compliance with 28 U.S.C. § 1446(d), a Notice to Adverse Party and State Court of Removal of Action to United States District Court (the "State Court Notice"), with a copy of this Notice of Removal attached, is being filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in Case No. 25STCV10740.  Wells Fargo is also serving the State Court Notice, with a copy of this Notice of Removal attached, on Plaintiff.  A Certificate of Service of the State Court Notice will also be filed with this Court.

8.    Exhibit 1 hereto comprises true and correct copies of the Summons, Complaint, and other documents filed in this action in state court, as served on Wells Fargo or otherwise obtained from the state court.  This includes all of the process, pleadings, and other papers served on Wells Fargo to date.

**D.    Conclusion**

9.    Based on the foregoing, Wells Fargo hereby removes this action to the United States District Court for the Central District of California, Western Division.

-4-                                          Case No. 2:25-CV-04845

NOTICE OF REMOVAL OF CIVIL ACTION

DATED:  May 29, 2025                    MUNGER, TOLLES & OLSON LLP


By:    _/s/ James C. Rutten_
         James C. Rutten

Attorneys for Defendant WELLS FARGO
BANK, N.A.

NOTICE OF REMOVAL OF CIVIL ACTION